# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JULIE O'STEEN and CHRISTOPHER O'STEEN,

      Plaintiffs,

v.                                                Case No: 6:17-cv-849-Orl-31KRS

WELLS FARGO BANK, N.A., WELLS FARGO HOME MORTGAGE, INC. and RUSHMORE LOAN MANAGEMENT SERVICES, LLC,

      Defendants.

## ORDER

This matter comes before the Court on the Motion to Strike Plaintiff's Demand for Jury Trial (Doc. 64), filed by the Defendants, Wells Fargo Bank, N.A., and Wells Fargo Home Mortgage, Inc. ("Wells Fargo" collectively) and the Memorandum in Opposition (Doc. 69) filed by the Plaintiffs.

**I.    Background**

On April 5, 2005, Julie O'Steen executed a Note in the amount of $82,400 with Wells Fargo Home Mortgage, Inc., secured by a mortgage which was contemporaneously executed by both Julie O'Steen and her spouse, Christopher O'Steen. Penno Decl., Doc. 84-1 at 1. The Mortgage document contained a provision entitled "Jury Trial Waiver," which reads as follows:

> The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

Doc. 18-2 at 17. That particular page of the Mortgage document was initialed by the Plaintiffs, and their signatures appear at the end of the Mortgage document. *Id.* at 17-18. The subject property was sold to a third party at a foreclosure auction on March 1, 2017. *See* Homeowner's Obj. to Sale, Doc. 81-8 at 2.

On March 15, 2017, the Plaintiffs filed their Second Amended Complaint (Doc. 43), alleging six counts: Count I alleges breach of contract by Wells Fargo; Count II alleges breach of contract by Rushmore Loan Management Services, LLC ("Rushmore"); Count III alleges violation of Regulation X,[1] 12 C.F.R. § 1024.41(d) by Wells Fargo; Count IV alleges violation of Regulation X, 12 C.F.R. § 1024.41(g) by Wells Fargo; Count V alleges violation of Regulation X, 12 C.F.R. § 1024.41(g) by Rushmore; and Count VI seeks declaratory relief against Rushmore. On May 12, 2017, this case was transferred from the Tampa Division to the Orlando Division. Doc. 72. Wells Fargo filed a Motion to Strike the Plaintiffs' Jury Trial Demand on April 28, 2017. Doc. 64. The Court has since granted summary judgment in favor of Wells Fargo as to Counts I and III, and denied summary judgment as to Count IV against Wells Fargo. Doc. 101.

## II. Legal Standards

Here, Wells Fargo has moved to strike the Plaintiffs' demand for jury trial on the basis of waiver. In order to protect the fundamental right to trial by jury, courts "indulge every reasonable presumption against waiver.'" *Mega Life & Health Ins. Co. v. Pieniozek*, 585 F.3d 1399, 1403 (11th Cir. 2009) (quoting *LaMarca v. Turner*, 995 F.2d 1526, 1544 (11th Cir. 1993) (alteration and internal quotations omitted).

---

[1] Regulation X is one of the regulations that implement the Real Estate Settlement Procedures Act ("RESPA").

**III. Analysis**

Count IV alleges that Wells Fargo violated Regulation X, 12 C.F.R. § 1024.41(g), when it sought "a foreclosure judgment or foreclosure sale of the property after receipt of a completed loss mitigation application, more than 37 days before a foreclosure sale." Doc. 43 at 8. Wells Fargo argues that because this claim arises out of or is related to the Mortgage or the Note, the Jury Trial Waiver ("Waiver") applies. The Plaintiffs do not dispute that they executed the Mortgage document containing the Waiver, nor do they contend that the Waiver was invalid. Instead, they argue that (1) the Waiver contained in the Mortgage document did not survive the entry of the foreclosure judgment and (2) that their claim arising from the violation of Regulation X is outside the scope of the Waiver. In the alternative, the Plaintiffs request that the Court employ an advisory jury for any claims to which the Waiver applies.

The Plaintiffs first contend that the Waiver did "not survive the termination of the mortgage agreement." Mem. in Opp., Doc. 69, at 2. This argument is creative but meritless. According to the Plaintiffs, the Waiver died with the Mortgage as soon as a final judgment of foreclosure was entered on January 9, 2014. *Id.* However, the applicability of the Waiver does not hinge on whether or not the Mortgage was extinguished. *See Fiora v. Green Tree Servicing, LLC*, No. 14-61755-CIV, 2015 WL 9916717, at *1 (S.D. Fla. Oct. 23, 2015) (stating that the applicability of an identically-worded jury trial waiver was unaffected by whether the claim arose before or after satisfaction of the mortgage). Rather, the Waiver applies "[a]s long as [the] claim arose from or related to [the] [M]ortgage." *Id.* Wells Fargo need not have included language like "until the end of the world," in order for the Waiver to "survive," as the Plaintiffs suggest. *See* Mem. in Opp. at 4. The intent is clear from the Waiver's language: it applies to "any right," "in any action," "in any way related" to the Mortgage. Doc. 18-2 at 17.

The Plaintiffs also argue that their claim for violation of Regulation X is outside the scope of the Waiver. In support of this, the Plaintiffs cite to *Bray v. PNC Bank, N.A.*, 196 F. Supp. 3d 1282 (M.D. Fla. 2016). However, *Bray* is distinguishable; in that case, the plaintiff's claims arose from the defendant's attempts to enforce a debt that was discharged in and intervening bankruptcy. *See id.* at 1286. Further, *Bray* did not involve a RESPA claim, but courts in the Middle District of Florida have held identically-worded jury trial waivers contained in mortgage agreements applicable to RESPA claims. *Deleplancque v. Nationstar Mortg.*, LLC, No. 6:15cv1401, 2016 WL 406788, at *2 (M.D. Fla. Jan. 14, 2016), *report and recommendation adopted*, No. 6:15cv1401, 2016 WL 397962 (M.D. Fla. Feb. 2, 2016); *Pearson v. Countrywide Home Loans, Inc.*, No. 8:13cv1075, 2015 WL 506326, at *3 (M.D. Fla. Feb. 6, 2015). Count IV arises out of actions taken by Wells Fargo after receiving the Plaintiffs' loss mitigation application. *See* Second Amend. Compl. at 8-9. The Plaintiffs submitted that loss mitigation application in an effort to modify their loan. *See id.* at 6. The claim is clearly related to the Mortgage. Wells Fargo has shown that the Plaintiffs' jury demand is precluded by the terms of the Mortgage. Accordingly, the Plaintiffs' jury demand must be stricken with respect to the remaining claim against Wells Fargo.

**IV.   Conclusion**

In consideration of the foregoing, it is hereby

**ORDERED** that Wells Fargo's Motion to Strike Plaintiffs' Demand for Jury Trial (Doc. 64) is **GRANTED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 13, 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party