# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JULIE O'STEEN and CHRISTOPHER O'STEEN,

        **Plaintiffs,**

v.                                       Case No: 6:17-cv-849-Orl-31KRS

WELLS FARGO BANK, N.A., WELLS FARGO HOME MORTGAGE, INC. and RUSHMORE LOAN MANAGEMENT SERVICES, LLC,

        **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Strike Plaintiff's Demand for a Jury Trial (Doc. 66) filed by the Defendant, Rushmore Loan Management Services, LLC ("Rushmore"); and the Memorandum in Opposition (Doc. 69) filed by the Plaintiffs.

### I. Background

On April 5, 2005, Julie O'Steen executed a Note in the amount of $82,400 with Wells Fargo Home Mortgage, Inc.[1], secured by a mortgage which was contemporaneously executed by both Julie O'Steen and her spouse, Christopher O'Steen. Penno Decl., Doc. 84-1 at 1. The Mortgage document contained a provision entitled "Jury Trial Waiver," which reads as follows:

> The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

---

[1] Wells Fargo Bank, N.A., and Wells Fargo Home Mortgage, Inc. are hereinafter referred to as "Wells Fargo," collectively.

Doc. 18-2 at 17. That particular page of the Mortgage document was initialed by the Plaintiffs, and their signatures appear at the end of the Mortgage document. *Id.* at 17-18. Rushmore apparently became the loan servicer for the Mortgage on April 5, 2016. Sutton Aff., Doc. 82 at 4. The subject property was sold to a third party at a foreclosure auction on March 1, 2017. *See* Homeowner's Obj. to Sale, Doc. 81-8 at 2. However, it is unclear what roles Rushmore and Wells Fargo played with respect to the ultimate foreclosure sale. It appears that Rushmore was the Plaintiffs' loan servicer during the time leading up to foreclosure. Still, Wells Fargo moved to reset the foreclosure sale on May 23, 2016, after it alleges it was no longer servicing the Plaintiffs' loan. *See* Mot. to Reset Foreclosure Sale, Doc. 81-6 at 2-3.

On March 15, 2017, the Plaintiffs filed their Second Amended Complaint (Doc. 43), alleging six counts: Count I alleges breach of contract by Wells Fargo; Count II alleges breach of contract by Rushmore; Count III alleges violation of Regulation X, 12 C.F.R. § 1024.41(d) by Wells Fargo; Count IV alleges violation of Regulation X, 12 C.F.R. § 1024.41(g) by Wells Fargo; Count V alleges violation of Regulation X, 12 C.F.R. § 1024.41(g) by Rushmore; and Count VI seeks declaratory relief against Rushmore. On May 12, 2017, this case was transferred from the Tampa Division to the Orlando Division. Doc. 72.

Rushmore filed the Motion to Strike the Plaintiffs' Jury Trial Demand on April 28, 2017. Doc. 66. The Court has since granted summary judgment in favor of Rushmore as to Count II, and denied summary judgment on Counts V and VI against Rushmore. Additionally, the Court granted Wells Fargo's Motion to Strike the Plaintiffs' Jury Trial Demand on October 13, 2017. Doc. 102.

## II. Legal Standards

Here, Rushmore has moved to strike the Plaintiffs' demand for jury trial on the basis of waiver. In order to protect the fundamental right to trial by jury, courts "indulge every reasonable

presumption against waiver.'" *Mega Life & Health Ins. Co. v. Pieniozek*, 585 F.3d 1399, 1403 (11th Cir. 2009) (quoting *LaMarca v. Turner*, 995 F.2d 1526, 1544 (11th Cir. 1993) (alteration and internal quotations omitted).

### III. Analysis

The Plaintiffs do not dispute that they executed a mortgage containing a jury trial waiver, nor do they contend that the waiver was invalid. Instead, they argue that (1) the Jury Trial Waiver ('Waiver") in the Mortgage did not survive the entry of the foreclosure judgment; (2) that their claims arising from violations of RESPA are outside the scope of the Waiver; and (3) that Rushmore, as a loan servicer who was not a party to the Mortgage contract, lacks standing to invoke the Waiver.

Generally, a contractual jury waiver cannot be invoked by a non-party. Courts in the Middle and Southern Districts of Florida have found that non-party loan servicers lacked standing to invoke jury waiver provisions of mortgage documents. *See Shallenburg v. PNC Bank, N.A.*, No. 8:16cv810, 2016 WL 3525203, at *2 (M.D. Fla. June 28, 2016) (citing *Omega v. Deutsche Bank Tr. Co. Ams.*, 920 F. Supp. 2d 1298, 1300 (S.D. Fla. 2013); *Hamid v. Owcwen Loan Servicing, LLC*, No. 13-62821-CIV, 2014 WL 766659, at *1 (S.D. Fla. 2014, Feb. 26, 2014)). Rushmore argues that, as the loan servicer, it is an intended third party beneficiary, and is able to invoke the Waiver. Rushmore cites no cases that address the issue of whether a non-party has standing to invoke a jury trial waiver provision of a mortgage agreement. *Cf. Shallenburg*, 2016 WL 3525203, at *2 (noting that cases that did not "squarely confront the issue of whether non-parties have standing to invoke jury trial waivers contained within a mortgage" were "of little benefit" to the loan servicer's arguments in that case). Rushmore does not give any satisfactory explanation as to

why it should be entitled to invoke the Waiver in spite of its non-party status. Accordingly, Rushmore has failed show that the Plaintiffs' jury trial demand should be stricken.

**IV.   Conclusion**

In consideration of the foregoing, it is hereby

**ORDERED** that Rushmore's Motion to Strike Plaintiffs' Demand for a Jury Trial (Doc. 66) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 13, 2017.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party