**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JULIE O'STEEN and CHRISTOPHER O'STEEN,**

      **Plaintiffs,**

**v.**                                                             Case No:   6:17-cv-849-Orl-31KRS

**WELLS FARGO BANK, N.A., WELLS FARGO HOME MORTGAGE, INC. and RUSHMORE LOAN MANAGEMENT SERVICES, LLC,**

      **Defendants.**

## ORDER

This matter comes before the Court on the Motion for Reconsideration of Order Denying Motion to Strike Jury Demand (Doc. 104) filed by the Defendant, Rushmore Loan Management Services, LLC ("Rushmore"), and the Response in Opposition (Doc. 106) filed by the Plaintiffs.

**I.    Background**

On April 5, 2005, Julie O'Steen executed a Note in the amount of $82,400 with Wells Fargo Home Mortgage, Inc.[1], secured by a mortgage which was contemporaneously executed by both Julie O'Steen and her spouse, Christopher O'Steen. Penno Decl., Doc. 84-1 at 1. The Mortgage document contained a provision entitled "Jury Trial Waiver," which reads as follows:

> The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

---

[1] Wells Fargo Bank, N.A., and Wells Fargo Home Mortgage, Inc. are hereinafter referred to as "Wells Fargo," collectively.

Doc. 18-2 at 17. That particular page of the Mortgage document was initialed by the Plaintiffs, and their signatures appear at the end of the Mortgage document. *Id.* at 17-18. Rushmore apparently became the loan servicer for the Mortgage on April 5, 2016. Sutton Aff., Doc. 82 at 4. The subject property was sold to a third party at a foreclosure auction on March 1, 2017. *See* Homeowner's Obj. to Sale, Doc. 81-8 at 2. However, it is unclear what roles Rushmore and Wells Fargo played with respect to the ultimate foreclosure sale. It appears that Rushmore was the Plaintiffs' loan servicer during the time leading up to foreclosure. Still, Wells Fargo moved to reset the foreclosure sale on May 23, 2016, after it alleges it was no longer servicing the Plaintiffs' loan. *See* Mot. to Reset Foreclosure Sale, Doc. 81-6 at 2-3.

On March 15, 2017, the Plaintiffs filed their Second Amended Complaint (Doc. 43), alleging six counts: Count I alleges breach of contract by Wells Fargo; Count II alleges breach of contract by Rushmore; Count III alleges violation of Regulation X, 12 C.F.R. § 1024.41(d) by Wells Fargo; Count IV alleges violation of Regulation X, 12 C.F.R. § 1024.41(g) by Wells Fargo; Count V alleges violation of Regulation X, 12 C.F.R. § 1024.41(g) by Rushmore; and Count VI seeks declaratory relief against Rushmore. On May 12, 2017, this case was transferred from the Tampa Division to the Orlando Division. Doc. 72. The Court granted summary judgment in favor of Rushmore as to Count II, and denied summary judgment on Counts V and VI against Rushmore.

Rushmore filed the Motion to Strike the Plaintiffs' Jury Trial Demand on April 28, 2017. Doc. 66. The Court granted Wells Fargo's Motion to Strike the Plaintiffs' Jury Trial Demand on October 13, 2017. Doc. 102. However, the Court denied Rushmore's Motion to Strike the Plaintiffs' Jury Trial Demand, because Rushmore failed to sufficiently explain why it was entitled to invoke the waiver despite its non-party status. Doc. 103.

On October 23, 2017, Rushmore filed a Motion for Reconsideration of Order Denying Motion to Strike Jury Demand.[2] Doc. 104. The O'Steens filed a Response in Opposition on October 31, 2017. Doc. 106.

## II.     Analysis

Previously, Rushmore had argued that, as the loan servicer, it is an intended third party beneficiary of the mortgage contract, and, thus, it should be able to invoke the waiver. In the Motion for Reconsideration, Rushmore argues that it is entitled to invoke the waiver because it is an "agent of the owner[3] of the loan." Mot. at 1. There are cases from the Middle District of Florida that indicate agents of signatories, successors, and assignees to mortgage contracts are entitled to enforce jury trial waiver provisions found in those mortgage contracts. *See DeBoskey v. SunTrust Mortgage, Inc.*, No. 8:14cv1778, 2017 WL 4083557, at *15 (M.D. Fla. Sept. 14, 2017) ("As such, the jury trial waiver is enforceable by those defendants who are signatories and successors and assignees of the Mortgage contract and their employees/agents."); *Andre v. Sellstate Realty Sys. Network, Inc.*, No. 2:09cv503, 2010 WL 3259415, at *3 (M.D. Fla. July 30, 2010), *report and recommendation adopted*, No. 2:09cv503, 2010 WL 3259413 (M.D. Fla. Aug. 18, 2010). In light of those cases, Court sees no rational reason why Rushmore would be unable to invoke the jury trial waiver provision if Rushmore was in fact an agent of the owner of the loan. However, Rushmore does not explain why the Court should consider it an agent of the owner of

---

[2] Rushmore asks the Court to either reconsider its Order or, in the alternative, treat the instant Motion as an Amended Motion to Strike Jury Demand.

[3] Rushmore states that the owner of the loan was Wilmington Savings Fund Society. According to the Second Amended Complaint, "Wells Fargo Home notified Plaintiffs of a servicing transfer of their loan from Wells Fargo Home to Rushmore, on behalf of a new owner of the loan, Wilmington Savings Fund Society, FSB, doing business as Christiana Trust," in March of 2016. Second Amend. Compl. ¶ 27. However, as the Court previously mentioned, Wells Fargo moved to reset the foreclosure sale in May of 2016.

the loan. Instead, Rushmore simply claims, without any citation, that "[t]he O'Steens have conceded that Rushmore is an agent for the owner." Mot. at 5. Rushmore's conclusory statements do not provide the Court with enough information to make a finding as to whether Rushmore is entitled to invoke the waiver. Accordingly, Rushmore has once again failed to show that the Plaintiffs' jury trial demand should be stricken.

**III. Conclusion**

In consideration of the foregoing, it is hereby

**ORDERED** that Rushmore's Motion for Reconsideration of Order Denying Motion to Strike Jury Demand (Doc. 104) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 1, 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party