# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JULIE O'STEEN and CHRISTOPHER O'STEEN,

      Plaintiffs,

v.                                    Case No:   6:17-cv-849-Orl-31KRS

WELLS FARGO BANK, N.A., WELLS FARGO HOME MORTGAGE, INC. and RUSHMORE LOAN MANAGEMENT SERVICES, LLC,

      Defendants.

## ORDER

This matter comes before the Court on the Renewed Motion to Strike Jury Demand (Doc. 121) filed by the Defendant, Rushmore Loan Management Services, LLC ("Rushmore") and the Memorandum of Law in Opposition filed by the Plaintiffs (Doc. 123).

**I.    Background**

On April 5, 2005, Julie O'Steen executed a Note in the amount of $82,400 with Wells Fargo Home Mortgage, Inc.[1], secured by a mortgage which was contemporaneously executed by both Julie O'Steen and her spouse, Christopher O'Steen. Penno Decl., Doc. 84-1 at 1. The Mortgage document contained a provision entitled "Jury Trial Waiver," which reads as follows:

> The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

---

[1] Wells Fargo Bank, N.A., and Wells Fargo Home Mortgage, Inc. are hereinafter referred to as "Wells Fargo," collectively.

Doc. 18-2 at 17. That particular page of the Mortgage document was initialed by the Plaintiffs, and their signatures appear at the end of the Mortgage document. *Id.* at 17-18. Rushmore apparently became the loan servicer for the Mortgage on April 5, 2016. Sutton Aff., Doc. 82 at 4. The subject property was sold to a third party at a foreclosure auction on March 1, 2017. *See* Homeowner's Obj. to Sale, Doc. 81-8 at 2. However, it is unclear what roles Rushmore and Wells Fargo played with respect to the ultimate foreclosure sale. It seems that Rushmore was the Plaintiffs' loan servicer during the time leading up to foreclosure. Still, Wells Fargo appeared to have moved to reset the foreclosure sale on May 23, 2016, after it alleges it was no longer servicing the Plaintiffs' loan. *See* Mot. to Reset Foreclosure Sale, Doc. 81-6 at 2-3.

On March 15, 2017, the Plaintiffs filed their Second Amended Complaint (Doc. 43), alleging six counts: Count I alleges breach of contract by Wells Fargo; Count II alleges breach of contract by Rushmore; Count III alleges violation of Regulation X, 12 C.F.R. § 1024.41(d) by Wells Fargo; Count IV alleges violation of Regulation X, 12 C.F.R. § 1024.41(g) by Wells Fargo; Count V alleges violation of Regulation X, 12 C.F.R. § 1024.41(g) by Rushmore; and Count VI seeks declaratory relief against Rushmore. On May 12, 2017, this case was transferred from the Tampa Division to the Orlando Division. Doc. 72. The Court granted summary judgment in favor of Rushmore as to Count II, and denied summary judgment on Counts V and VI against Rushmore. Doc. 101.

Rushmore filed the Motion to Strike the Plaintiffs' Jury Trial Demand on April 28, 2017. Doc. 66. The Court granted Wells Fargo's Motion to Strike the Plaintiffs' Jury Trial Demand on October 13, 2017. Doc. 102. However, the Court denied Rushmore's Motion to Strike the Plaintiffs' Jury Trial Demand, because Rushmore failed to sufficiently explain why it was entitled to invoke the waiver despite its non-party status. Doc. 103.

On October 23, 2017, Rushmore filed a Motion for Reconsideration of Order Denying Motion to Strike Jury Demand. Doc. 104. The Court denied the Motion for Reconsideration. Doc. 105. Although Rushmore claimed that it was the agent of the owner of the loan, inconsistencies in the evidence prevented the Court from relying on Rushmore's allegation. As the Court noted in its Order Denying Reconsideration, the claim that Rushmore acted as servicer, and thus an agent, for Wilmington Savings Fund Society, was called into question by evidence that an attorney purporting to represent Wells Fargo filed a motion to reset the foreclosure sale in May of 2016, two months following the alleged servicing transfer. *See O'Steen v. Wells Fargo Bank, N.A.*, No. 6:17cv849, 2017 WL 4959403, at *2 (M.D. Fla. Nov. 1, 2017). The Court had evidence that the mortgage had been assigned to Wilmington Savings Fund Society. But the Court had conflicting evidence as to who the agent of Wilmington Savings Fund Society was: it was clear that Wells Fargo no longer owned the mortgage after the assignment took place, but it was not at all clear whether Wells Fargo continued to service the loan, in light of the timing and language of the motion to reset foreclosure sale.

## II.     Analysis

### A.  Rushmore's Entitlement to Enforce the Waiver

On November 30, 2017, the Court held a Pretrial Conference. At that Pretrial Conference, it became clear that, despite the apparently conflicting evidence, there was no dispute that Rushmore was acting as the servicer for the assignee of the mortgage, even while an attorney claiming to represent Wells Fargo was filing a motion to reset the foreclosure sale.[2] There are

---

[2] It is still not entirely clear why the language in the motion indicates it was filed by Wells Fargo if Wells Fargo had no involvement with the mortgage at the time of the motion. Indeed, Rushmore had previously represented that it was Wells Fargo—the plaintiff in the state court action—who had moved to reset the sale. *See* Rushmore's Mot. to Dismiss, Doc. 18, ¶ 4. If it was in fact Rushmore who was behind the motion to reset the foreclosure sale, it is odd that Rushmore

cases from the Middle District of Florida that indicate agents of signatories, successors, and assignees to mortgage contracts are entitled to enforce jury trial waiver provisions found in those mortgage contracts. *See DeBoskey v. SunTrust Mortgage, Inc.*, No. 8:14cv1778, 2017 WL 4083557, at *15 (M.D. Fla. Sept. 14, 2017) ("As such, the jury trial waiver is enforceable by those defendants who are signatories and successors and assignees of the Mortgage contract and their employees/agents."); *Andre v. Sellstate Realty Sys. Network, Inc.*, No. 2:09cv503, 2010 WL 3259415, at *3 (M.D. Fla. July 30, 2010), *report and recommendation adopted*, No. 2:09cv503, 2010 WL 3259413 (M.D. Fla. Aug. 18, 2010). As the Court previously stated, the "Court sees no rational reason why Rushmore would be unable to invoke the jury trial waiver provision if Rushmore was in fact an agent of the owner of the loan." With the question of servicing resolved, the Court **FINDS** that Rushmore, as an agent of the assignee of the mortgage, is entitled to invoke the jury trial waiver provision.

### B. Validity of the Waiver Provision

For the first time, the Plaintiffs argue that "Rushmore has failed to meet its burden to show the waiver was knowing and voluntary." *See* Doc. 123 at 8. A jury trial waiver must be knowing and voluntary in order to be valid. *See Bray v. PNC Bank, N.A.*, 196 F. Supp. 3d 1282, 1286 (M.D. Fla. 2016). In making that determination, courts consider five different factors,[3] but no one factor is conclusive, and the number of factors that have been satisfied does not bind the Court in any

---

made such a representation. Despite these remaining issues, it is no longer in question that Rushmore was the servicer, and agent, of Wilmington Savings Fund.

[3] The factors are as follows: "(1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel." *Allyn v. W. United Life Assurance Co.*, 347 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004).

way. *Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d 1291, 1294 (M.D. Fla. 2012). Instead, courts use the factors to guide them in determining whether the waiver is "unconscionable, contrary to public policy, or simply unfair." *Allyn*, 347 F. Supp. 2d at 1252. Courts in the Middle District of Florida have held that the party seeking to benefit from a jury trial waiver should bear the burden of showing that the waiver was knowing and voluntary. *See Deleplancque v. Nationstar Mortg., LLC*, No. 6:15cv1401, 2016 WL 406788, at *3, n.5 (M.D. Fla. Jan. 14, 2016), *report and recommendation adopted*, No. 6:15cv1401, 2016 WL 397962 (M.D. Fla. Feb. 2, 2016); *Stevens v. Wyndham Vacation Ownership, Inc.*, No. 6:14cv1845, 2015 WL 1932285, at *2 (M.D. Fla. Apr. 28, 2015); *Baker v. Wyndham Worldwide*, No. 6:11cv1469, 2012 WL 3860049, at *5 (M.D. Fla. Aug. 17, 2012), *report and recommendation adopted*, No. 6:11cv1469, 2012 WL 3854530 (M.D. Fla. Sept. 5, 2012).

In the Middle District of Florida, an identically-worded waiver provision with similar placement and formatting has been held to be knowing and voluntary. *See Madura*, 851 F. Supp. 2d at 1294-95. The Court sees no reason to reach a contrary result here, where the waiver provision was conspicuously placed near the end of the document, clearly labeled in bold type, unambiguously worded in plain language, and formatted in a way consistent with the rest of the document. *See* Doc. 18-2 at 17. Thus, the Court **FINDS** that the jury trial waiver was knowing and voluntary.

### III. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that Rushmore's Renewed Motion to Strike Jury Demand (Doc. 121) is **GRANTED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 11, 2017.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party